IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MARTIN CHARLES NOLTER, JR., | ) | Civil No. 06-00027 SOM/BMK |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT |
| | ) | AND ORDER DENYING PLAINTIFF'S |
| vs. | ) | APPLICATION TO PROCEED |
| | ) | WITHOUT PREPAYMENT OF FEES |
| | ) | |
| THE BANK OF HAWAII, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

ORDER DISMISSING COMPLAINT AND
ORDER DENYING PLAINTIFF'S APPLICATION TO
PROCEED WITHOUT PREPAYMENT OF FEES

Plaintiff Martin Charles Nolter ("Plaintiff") filed a complaint on January 13, 2006, against The Bank of Hawaii ("Defendant"). Concurrent with the filing of his Complaint, Plaintiff filed an Application To Proceed Without Prepayment of Fees ("Application"). The court DISMISSES his Complaint without prejudice and DENIES as moot Plaintiff's Application.

DISCUSSION

A court may deny leave to proceed in forma pauperis at the outset if it appears from the facts of the proposed complaint that the action is frivolous, that the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). See Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987) (citing Reece v. Washington, 310 F.2d 139, 140 (9th Cir. 1962)).

Plaintiff's Complaint fails to assert any viable factual or legal theory to support his prayer for relief or to demonstrate federal subject matter jurisdiction.  At the center of all of Plaintiff's claims is an overdrawn bank account he had with Defendant.  In his Complaint, Plaintiff alleges that certain clauses contained in Defendant's Consumer Deposit Account Agreement and Disclosure Statement are "barbaric, untoward and downright simply wrong."  Plaintiff further asserts that an "X-Factor has been inserted into the mid-level command employee structure by an employee . . . of Defendant or the U.S. S.S. Admin. or by a member of a hostile force: Virus."   Finally, Plaintiff questions why benevolence was extended to him on certain occasions even though he did not ask for it but was denied on other occasions when he had made such requests.

This Complaint is basically incomprehensible and unsupported by any factual or legal theories.  Therefore, this court finds Plaintiff's Complaint to be frivolous and delusional. Accordingly, the Complaint is dismissed pursuant to 28 U.S.C. § 1915.  Denton v. Hernandez, 504 U.S. 25, 32 (1992) (the in forma pauperis statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless . . . .  Examples of the latter

2

class . . . are claims describing fantastic or delusional scenarios"). Given the dismissal of the Complaint, Plaintiff's Application is moot.

<u>CONCLUSION</u>

For the foregoing reasons, the court DISMISSES the Complaint and DENIES as moot Plaintiff's Application To Proceed Without Prepayment of Fees. Plaintiff is given leave to amend his Complaint to state viable claims, as well as file another Application or pay the appropriate filing fee, by February 17, 2006. If Plaintiff fails to (1) amend his Complaint and (2) pay the filing fee or submit another Application, his action will automatically be dismissed.

IT IS SO ORDERED.

Dated: Honolulu, Hawaii,  January 18, 2006.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

<u>Martin Charles Nolter, Jr. v. The Bank of Hawaii</u>, Civil No. 06-00027 SOM/BMK; Order Dismissing Complaint and Order Denying Plaintiff's Application to Proceed Without Prepayment of Fees

3